**F I L E D**

UNITED STATES COURT OF APPEALS

**December 20, 2005**

TENTH CIRCUIT

FREDERIC V. MALEK; MARLENE
A. MALEK; MORRIS BART;
CHARLES PATTERSON; FONDA
PATTERSON; STEVEN SPIRITAS,
on behalf of the AK41 Trust;
RANDALL LEE JOHNSON; NANCY
M. RIEMER; WARREN
LICHTENSTEIN; ROBERT J. FREY;
JULIE BETH NASTER; BEAVER
CREEK LODGE CONDO OWNERS
ASSOCIATION; JEFFREY MILLER;
PAULA MILLER; GARY LESNICK;
WOODROW CHAMBERLAIN;
BARBARA CHAMBERLAIN;
MICHAEL AMISS; BERRYDALE
CORPORATION; ROLLAND
MCGINNISS; CAROLYN
MCGINNISS; DR. RICHARD
MARKS; MARLENE MARKS;
STEVE GRANTHAM; DONNA
GRANTHAM; AKE LJUNGBERG; C.
JAMES PADGETT; ANTHONY
MOORES; LISBETH MOORES;
PAMELA WATSON JOHNSON;
DIANE LICHTENSTEIN; HELEN E.
STONE; SHARON BURROW;
GRADY BURROW; SUSAN J.
MCFARLANE; LAWRENCE MARX,
as Trustee on behalf of the Lawrence
Marx III Qualified Personal Residence
Trust No. 1 and Trust No. 2 and the
Susan Marx Qualified Personal
Residence Trust No. 1 and Trust No.
2; SUSAN MARX, as Trustee on
behalf of the Lawrence Marx III
Qualified Personal Residence Trust

No. 04-1455
(D.C. No. 02-B-1772 (MJW))
(D. Colo.)

No. 1 and No. 2 and The Susan Marx
Qualified Personal Residence Trust
No. 1 and Trust No. 2; ROBERT S.
WEST; WARNER BROS.
DISTRIBUTING INC.; JOHAN
LJUNGBERG; JENNY LJUNGBERG,

      Plaintiffs-Appellees,

v.

GOODYEAR TIRE AND RUBBER
COMPANY, an Ohio corporation,

      Defendant - Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, Circuit Judges and **ARMIJO**[**], District Judge.

---

This appeal arises from a diversity action brought under Colorado state law

by the owners of 26 Colorado homes ("Homeowners") against Defendant-

Appellant Goodyear Tire and Rubber Company ("Goodyear"). After a jury trial,

some, but not all, Homeowners were awarded damages against Goodyear. The

district court awarded prejudgment interest on those damages. Goodyear appeals

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore is ordered submitted without oral argument.

[**]The Honorable M. Christina Armijo, District Judge, United States District Court for the District of New Mexico, sitting by designation.

the district court's determination of prejudgment interest. Because Goodyear's contentions are controlled by the ruling in <u>Loughridge v. Goodyear Tire & Rubber Co.</u>, Nos. 04-1261, 1263, slip op. at 40-48 (10th Cir. 2005), we affirm the district court's amended judgment.

This case is one in a series of litigation in which plaintiffs have alleged that Goodyear manufactured a defective hose, "Entran II," that was used in the hydronic heating systems installed in their homes. These systems use Entran II to circulate warm fluid under indoor flooring as an alternative to conventional heating systems, or under driveways and sidewalks to melt snow and ice.

Homeowners began noticing problems with their hydronic heating systems, including cracking, leaking and sediment build-up in their Entran II hose, as early as 1991. In many cases, these problems required the removal and replacement of the hose in its entirety, as well as the replacement of most other parts of the hydronic heating system.

Homeowners brought claims against Goodyear under Colorado law seeking recovery for sale of a defective product and negligence, including negligent design and negligent failure to warn. After the district court granted, in part, the Homeowners' motion for summary judgment based on collateral estoppel, only two issues were tried to the jury: causation and damages. Homeowners claimed that Goodyear was liable for the costs of removing and replacing the Entran II

hose installed in their homes, the diminution in value of their homes, and other costs and losses. The jury returned special verdicts in favor of the Homeowners of 20 homes for sale of a defective product and negligence, awarding them removal and replacement costs as well as other costs and losses.

After trial, the prevailing Homeowners moved for prejudgment interest under Colo. Rev. Stat. § 5-12-102(1)(b) (2004) arguing that prejudgment interest should accrue on their damages from the date Entran II was installed in their respective homes. The district court granted Homeowners' motion in part and denied it in part. The court held that (1) Homeowners who owned their homes at the time Entran II was installed are entitled to prejudgment interest from the date of installation; and (2) Homeowners who purchased their homes after Entran II had been installed are entitled to prejudgment interest from the date they purchased their homes. Accordingly, the district court entered an amended judgment awarding the prevailing Homeowners prejudgment interest in the aggregate of approximately $4.9 million.

Goodyear appeals from the district court's amended judgement arguing that the district court should have set the accrual date for prejudgment interest on one of two alternate dates: (1) when the Homeowners paid for their repair or replacement costs; or (2) when the Homeowners' claims accrued for the purposes of the statute of limitations.

In <u>Loughridge v. Goodyear Tire & Rubber Co.</u>, Nos. 04-1261, 1263, slip op. at 40-48 (10th Cir. 2005), this court gave thorough consideration to virtually identical arguments as to the accrual date for prejudgment interest, but ultimately rejected them. Based on such authority, the district court's amended judgment is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge